UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WALLACE GARY A/K/A "GARY WALLACE",

                Plaintiff,

-against-

THE CITY OF NEW YORK, and DETECTIVE ROLANDO
CARBONELL (Shield #6831), in his individual and official
capacity; DETECTIVE ASIM SHEIKH (Shield #3416), in his
individual and official capacity; DETECTIVE JUGONY
ROSADO (Shield #5109), in his individual and official
capacity; and LIEUTIENANT EDWARD GARCIA, in his
individual and official capacity,

                Defendants.

------------------------------------------------------------------X

**Trial by Jury Demanded**

## AMENDED COMPLAINT

**Law Offices of Regina L. Darby**
Attorneys for Plaintiff Wallace Gary a/k/a Gary Wallace
111 John Street, Suite 800
New York, NY 10038

WALLACE GARY ("Plaintiff") by his attorney, Law Offices of Regina L. Darby, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action seeking monetary relief against Defendants THE CITY OF NEW YORK ("CITY"), and DETECTIVE ROLANDO CARBONELL (hereinafter "CARBONELL") (Shield #6831), in his individual and official capacity; DETECTIVE ASIM SHEIKH(hereinafter "SHEIKH") (Shield #3416), in his individual and official capacity; DETECTIVE JUGONY ROSADO(hereinafter ''ROSADO" (Shield #5109), in his individual and official capacity; and LIEUTIENANT EDWARD GARCIA(hereinafter "Garcia"), in his individual and official capacity.

2. Plaintiff brings this action against Defendants for damages resulting from the use of excessive force, malicious prosecution and false arrest, unconstitutional strip search and an illegal search of plaintiff's apartment in violation of 42 U.S.C 1983.

## INTRODUCTION

3. Plaintiff brings this action against Defendants "CITY" and police officers "CARBONELL", "SHEIK", "ROSADO"AND "GARCIA" for damages arising from false arrest, malicious prosecution, an illegal search of plaintiff's apartment, unconstitutional strip search and excessive force in violation of 42 U.S.C. §1983.

## JURISDICTION

4. Plaintiff brings this action against Defendants "CITY", "CARBONELL", "SHEIK", "ROSADO"AND "GARCIA", to redress the denial of his rights, as secured by the Fourth, and Fourteenth Amendment of the United States Constitution.

5.  This Court has jurisdiction over this case pursuant to 42 U.S.C. §1983, 28 U.S.C. §1381,
    §1332, and §1343(a)(3).

6.  Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391.

7.  The amount in controversy exceeds Ten Thousand Dollars ($10,000) excluding interests
    and costs.

**JURY DEMAND**

8.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to
    Fed. R. Civ. P. 38(b).

**PARTIES**

9.  Plaintiff is a citizen of the United States, and at all relevant times a resident of the County
    of Bronx and City and State of New York.

10. Defendant CITY was and is a municipal corporation duly organized and existing under and
    by virtue of the laws of the State of New York.

11. Defendant CITY operates and governs the New York City Police Department ("NYPD"), a
    duly authorized public authority and/or police department, authorized to perform all
    functions of a police department as per Article IX of the New York State Constitution, the
    applicable New York State statutes, and the applicable sections of the general Municipal
    Law of the City of New York.

12. At all times herein mentioned, "CARBONELL", "SHEIK", "ROSADO" AND "GARCIA",
    were duly sworn police officers employed by the NYPD and were acting under the
    supervision of the NYPD and according to their official duties and are sued in both their
    individual and official capacities.

13. At all times hereinafter mentioned, the Defendants, either personally or through their employees, acted under color of state law, of a statute, ordinance, regulation, custom, or usage.

14. Each and all of the acts of "CARBONELL", "SHEIK", "ROSADO" AND "GARCIA" alleged herein, were committed while acting within the scope of their employment with Defendant "CITY".

15. The illegal search of plaintiff's apartment was caused by one or more of the defendants, at the present time plaintiff cannot identify the specific defendants.

16. The Plaintiff's was subjected to excessive force by one or more of the defendants, at the present time plaintiff cannot identify the specific defendant(s).

17. The Plaintiff's false arrest was caused by one or more of the defendants, at the present time plaintiff cannot identify the specific defendants who falsely arrested him.

18. The Plaintiff's unconstitutional strip search was caused by one or more of the defendants, at the present time plaintiff cannot identify the specific defendants who conducted the unreasonable strip search.

19. The Plaintiff's malicious prosecution was caused by one or more of the defendants, at the present time plaintiff cannot identify the specific defendants who maliciously prosecuted him.

20. Plaintiff will be able to identify the specific defendants during the course of discovery regarding the above causes of action.

21. Plaintiff will seek leave to amend his pleadings after the specific officers have been identified.

## FACTS

22. That on or about February 18, 2016 at or around 12:30 PM Plaintiff was lawfully present at his home located at 225 East 168th Street in the County of Bronx, City and State of New York.

23. The Plaintiff was in his apartment when someone rang his doorbell saying that he was from the post office and he had a delivery for the Plaintiff. Shortly, thereafter, the Plaintiff went downstairs to inquire from his regular mail man if he had rung his bell. His regular mail man said he had not rung his bell.

24. The Plaintiff noticed a man dressed in a postal uniform who was holding a package. The Plaintiff walked to the door and was asked by the postman standing outside if the Plaintiff lived in 5C and when the Plaintiff replied yes, he placed the package in the Plaintiff's hands.

25. When the Plaintiff was given the package by the postman standing outside, he noticed that his name was spelled backwards and he concluded that the package was not for him and attempted to give it back to the person who had placed the package in his hands.

26. The post man refused to take it back and started walking away from the Plaintiff.

27. At that point the Plaintiff went back into the building and explained to his regular mailman what happened, handed the package to his regular mailman and pointed out to the person who had placed the package in his hand.

28. The plaintiff had physical possession of the package for less than one minute before he handed it back to his regular mailman.

29. A few seconds later, the Plaintiff heard commotion and as he turned around, he saw people with guns who came straight to the Plaintiff and started choking him.

30. At all times pertinent to these allegations, Plaintiff was unarmed and did not poses a threat of death or previous bodily injury to the Defendants.

31. At approximately 12:40 pm, he was handcuffed and placed under arrest by the aforesaid defendants without probable cause. (See Exhibit A, Plaintiff's Criminal Court Complaint)

32. As a result of his handcuffs being so tight, he asked the officers to loosen them because his left and began to swell and darken, but the defendants refused.

33. The plaintiff was arrested without a warrant.

34. Defendants did not have reasonable suspicion to believe that criminal activity was afoot.

35. Defendants had no lawful authority to arrest Plaintiff without probable cause,

36. Defendants intentionally engaged in this conduct with knowledge that they had no lawful authority to arrest Plaintiff without probable cause and with knowledge that no probable cause existed.

37. Plaintiff was aware of his arrest and confinement.

38. Plaintiff did not consent to his arrest and confinement.

39. In arresting Plaintiff without probable cause, the individual Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff and the statutory civil rights of Plaintiff.

40. On February 18, 2016 at approximately 17:45 PM, the Honorable Kate Paek signed an application for a warrant authorizing the search of the (target package 1), to wit, the package that was handed to the plaintiff some approximately five hours after the plaintiff's arrest (See Exhibit B, Search Warrant Signed by Judge Paek)

41. The defendants searched his apartment without a search warrant.

42. The Plaintiff was subsequently taken to the precinct where he was fingerprinted and photographed.

43. Sometime that evening the Plaintiff was taken to Central booking where he was ordered to take off his clothes, stripped searched, ordered to bend over, squat and cough while the police officer looked up his anus.

44. The plaintiff was strip searched under circumstances that did not establish probable cause to believe that he was concealing contraband or was hiding a controlled substance.

45. The Plaintiff was the victim of an unconstitutional strip search without need or justification and an intrusion of his personal privacy and dignity.

46. On or about February 18th, 2016, Plaintiff was charged with the following crime: PL 220.00, 21 [1]

47. The relevant portions of this penal law states:

    A person is guilty of criminal possession of a controlled substance in the first degree when he...*Knowingly* (emphasis added) and unlawfully possess...compounds containing a narcotic drug...

48. The Plaintiff appeared before the judge the next day on February 19, 2016 who set bail.

49. The Plaintiff was released when he secured the bail on February 24, 2016.

50. After the Plaintiff's release on February 24, 2016, he had to return to court on several occasions before his case was dismissed on September 1, 2016.

51. At all times Plaintiff's arrest was without probable cause in that the Defendants had no reason to suspect that Plaintiff was the perpetrator of any alleged crime.

52. As a direct result of the acts and omissions of the Defendants, Plaintiff's civil rights were violated through the denial of his physical liberty.

53. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was subjected to embarrassment, psychological pain and suffering and mental and physical stress and trauma.

54. The prosecution was initiated by the defendants.

55. The defendants had malice against the plaintiff because the defendants did not have probable cause to arrest the plaintiff.

56. The criminal proceeding terminated favorably to the plaintiff because the Plaintiff never opened the package that the postman placed in his hands and therefore did not know the contents therein.

57. The termination of the prosecution against the plaintiff affirmatively indicated his innocence because he only had physical possession of the package for less than two minutes after the postal inspector who placed the package in his hands, refused to take it back after the plaintiff told him this was not his package and immediately attempted to return it back to the postal inspector and he did not know the contents therein.

58. As a result of such malicious prosecution the plaintiff had to appear on court on multiple occasions until the case was dismissed on September 1, 2016.

**As and For a First Cause of Action:**

**VIOLATION OF 42 U.S.C. § 1983 AS TO INDIVIDUAL DEFENDANTS DUE TO LACK OF PROBABLE CAUSE FOR ARREST (PLAINTIFF'S FOURTH AND FOURTEENTHAMENDMENT RIGHTS)**

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" with the same force and effect as if fully set forth herein.

**As and For a Second Cause of Action:**

**VIOLATION OF 42 U.S.C. § 1983 AS TO INDIVIDUAL DEFENDANTS DUE TO EXCESSIVE FORCE (PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS)**

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "59" with the same force and effect as if fully set forth herein.

### As and For a Third Cause of Action

**VIOLATION OF 42 U.S.C. § 1983 AS TO INDIVIDUAL DEFENDANTS DUE TO MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS (PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS)**

61. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

### As and For a Fourth Cause of Action

**VIOLATION OF 42 U.S.C. § 1983 AS TO INDIVIDUAL DEFENDANTS DUE TO UNCONSTITUTIONAL STRIP SEARCH OF THE PLAINTIFF AGAINST ALL DEFENDANTS (PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS)**

62. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

### As and For a Fifth Cause of Action

**VIOLATION OF 42 U.S.C. § 1983 AS TO INDIVIDUAL DEFENDANTS DUE TO ILLEGAL SEARCH OF THE PLAINTIFF'S APARTMENT AGAINST ALL DEFENDANTS (PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS)**

63. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

**WHEREFORE**, Plaintiff demands judgment against the individual Defendants, in their official capacity and individually as to all causes of action both jointly and severally, for both compensatory in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) and punitive damages in an amount of Two Hundred and Fifty Thousand Dollars ($250,000.00); reasonable attorney's fees; the costs and disbursements of this action; and such other and further relief as appears just and proper.

Dated: New York, New York
        June 7, 2019

                                        _____/s/_____
                                        Regina L. Darby
                                        LAW OFFICES OF REGINA L. DARBY
                                        *Attorneys for Plaintiff Wallace Gary*
                                        111 John Street, Suite 800
                                        New York, NY 10038

To:

Kathleen D. Reilly
Assistant Corporation Counsel
SPECIAL FEDERAL LITIGATION DIVISION
New York City Law Department
100 Church Street, Room 3-186
New York, New York 10007
(212) 356-2663

# EXHIBIT A

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1. Gary Wallace (M 48),

~~████████████████~~

                                        Defendants.

FELONY



ADA Thomas Wright
212-815-0430

Postal Inspector James Morrison, Shield 6453 of the United States Postal Inspection Service, states as follows:

*The defendants are charged with:*

PL 220.21(1)          Criminal Possession of a Controlled Substance in the First Degree
                      (defendant #1: 1 count)
                      ~~████████████~~

At the times and places described below in the County of the Bronx and New York and State of New York, the defendants knowingly and unlawfully possessed a substance containing a narcotic drug and said preparations, compounds, mixtures and substances are of an aggregate weight of eight ounces or more.

*The factual basis for this charge is as follows:*

I am informed by Postal Inspector Hamid Beltre, Shield 6670, of the United States Postal Inspection Service, that on February 18, 2016 at approximately 12:40 PM in the course of a controlled-delivery operation inside 225 East 168th Street, Bronx County, New York, he saw Defendant Gary Wallace ("WALLACE") take possession of a package addressed to WALLACE.

I am informed by Postal Inspector Tiffany Simmons, Shield 6708, of the United States Postal Inspection Service, that on February 18, 2016 at approximately 12:25 PM in the course of a controlled-delivery operation inside 506 West 151st Street, New York County, New York, she saw Defendant ~~████████████~~ ("PERALTA-ROSARIO") take possesion of a package addressed to Aleidy Almonte, his neice.

I subsequently opened both of these packages, which were labeled with the same sender and sender's address in Puerto Rico and which each contained approximately one kilogram of white powder substance that I believe to be cocaine packaged in the same manner.

CRIMINAL COURT OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK                    FELONY

-against-

1. Gary Wallace (M 48),                                ADA Thomas Wright
~~2. ...~~                                              212-815-0430

                                       Defendants.

I believe that the substance is what it is alleged to be based upon: my professional training as a postal inspector in the identification of drugs, my prior experience as a postal inspector making drug arrests, an observation of the packaging, which is characteristic of this type of drug, and a field test of the substance which confirmed that the substance is in fact what it is alleged to be.

False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

_James Morrison_                    _2/19/2016_   _1 ᴾᴹ_
Postal Inspector James Morrison     Date          Time

# EXHIBIT B

CRIMINAL COURT OF THE CITY OF NEW YORK

COUNTY OF NEW YORK

IN THE MATTER
OF
AN APPLICATION FOR A WARRANT AUTHORIZING THE SEARCH OF A BOX
BEARING USPS TRACKING NUMBER EK928595732US AND ADDRESSED TO GARY
WALLACE AT 225 EAST 168TH STREET, APARTMENT 5C, BRONX COUNTY, NEW
YORK ("TARGET PACKAGE 1").

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

SEARCH WARRANT #   0236 – 2016

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

Proof by affidavit having been made this day before me by Detective Rolando Carbonell,

Shield 06831, that there is reasonable cause for believing that certain property, to wit:

a. controlled substances, vials, caps, glassine envelopes, small ziplock-style
   bags, and other evidence of the possession and distribution of controlled
   substances, including but not limited to paraphernalia used to process and
   distribute drugs, including but not limited to dilutants and scales, counter-
   surveillance equipment, and records and documents reflecting drug
   transactions;

b. identifying information as to the sender(s) and/or recipient(s) of the target
   boxes.

which is evidence of the possession and sale of controlled substances and the means of

committing a controlled substances crime, may be found in a box bearing United States Postal

Service ("USPS") tracking number EK928595732US and addressed to Gary Wallace at 225 East

168th Street, Apartment 5C, Bronx County, New York ("target package 1").

YOU ARE THEREFORE COMMANDED, to search target package 1, for the above-

described property, and if you find such property, or any part thereof, to bring it to the Court

without unnecessary delay.

Further, the Court authorizes law enforcement personnel to videotape and photograph

target package 1 and any contents; to process target package 1 and any contents for fingerprints;

and to analyze, test, and scientifically process target package 1 and any contents for the presence

of controlled substances.

ORDERED that the affidavit for this warrant and accompanying minutes, if any, be

sealed except that a copy may be retained by the Office of the Special Narcotics Prosecutor for

the City of New York and may be made available by said office, in connection with a

prosecution resulting from the execution of this warrant, to another city, state or federal

prosecution agency or office.

WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE

DATED IN THE CITY OF NEW YORK, this ____ day of _____ FEB 1 8 2016

TIME: 17:45

HON. KATE PAEK

JUDGE OF THE CRIMINAL COURT

Target Package 1: A BOX BEARING USPS TRACKING NUMBER EK928595732US AND
ADDRESSED TO GARY WALLACE AT 225 EAST 168TH STREET, APARTMENT 5C,
BRONX COUNTY, NEW YORK.